A00A2238. TATE v. COASTAL UTILITIES, INC. et al.
A00A2239. LAU v. COASTAL UTILITIES, INC. et al.
(545 SE2d 124)

BLACKBURN, Chief Judge.

Alexander H. Tate and Charles Lau filed separate appeals from the grant of summary judgment finding that their respective lawsuits were procedurally barred. In affirming that judgment, we also find that the renewal statute cannot be applied.

On April 6, 1996, Tate and Lau became involved in a multivehicle accident that included a utility truck owned by Coastal Utilities, Inc. ("Coastal") and driven by Coastal employee Gary Clanton Groover. Three days before the expiration of the applicable statute of limitation, Tate and Lau filed a personal injury action in federal district court against Coastal and Groover. On November 4, 1998, the district court ordered Tate and Lau to provide proof that Coastal and Groover had been served, on or before August 3, 1998, or within 120 days after the filing of the complaint as required by Federal Rule of Civil Procedure 4 (m). On November 23, 1998, after finding that Tate and Lau "failed to provide the required proof of service," the district court dismissed Coastal and Groover from that litigation. In the meantime, on November 20, 1998, service was effectuated.

The district court, however, entered another order on April 26, 1999, again finding that Tate and Lau "failed to show good cause for their failure to serve defendants within the 120 day service period," and additionally finding that Tate and Lau "failed to diligently serve defendants Coastal and Groover . . . after the expiration of the statute of limitations as required under Georgia law." The court further held that Tate and Lau "are guilty of laches because they have indulged in unreasonable delays without excuse." Although reaffirming its earlier order dismissing the complaint, the court, however,

---

[23] *Satilla Regional Med. Center*, supra, 238 Ga. App. at 620 (1).

granted the plaintiffs' "alternative motion to dismiss this action without prejudice because of statutory refiling opportunities accorded under OCGA § 9-2-61."

Subsequently, in excess of three years after the automobile accident giving rise to their claims, Tate and Lau filed separate lawsuits against Coastal and Groover in the Superior Court of Liberty County on May 12, 1999. Tate and Lau claimed that they were filing their suits within six months as permitted by the renewal statute, OCGA § 9-2-61 (a).

The trial court refused to apply the renewal statute. After noting that the federal action was "void," the trial court found that Tate's and Lau's respective actions were time-barred and awarded summary judgment to Coastal. Tate and Lau filed separate appeals to contest that ruling.

### Case No. A00A2238

1. Tate contends that the trial court erred in finding that he had not been diligent in attempting to serve the complaint in the federal action because that ruling is contrary to the order entered in federal court and deviates from existing law.

Generally, a trial court's determination as to whether a plaintiff exercised diligence in perfecting service after the five-day safe harbor provision of OCGA § 9-11-4 (c) will not be disturbed absent an abuse of discretion. *Scott v. Taylor.*[1] The mere filing of a complaint does not commence suit unless timely service is perfected as required by law. *Ingram v. Grose.*[2] If reasonable and diligent efforts are not made to ensure proper service as quickly as possible, a plaintiff is guilty of laches, and service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. *Land v. Casteel.*[3]

Tate seeks to avoid these procedural rules by applying the renewal statute, OCGA § 9-2-61. Relying on the fact that the federal action was dismissed and the fact that his case was filed within six months of that dismissal, Tate claims that the subsequent filing in superior court relates back.

The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases. *Patterson v. Douglas Women's Center.*[4] Instead, the privilege of dismissal and renewal applies only when the previous action was merely voidable. Id. If service was

---

[1] *Scott v. Taylor*, 234 Ga. App. 543, 544 (507 SE2d 798) (1998).
[2] *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986).
[3] *Land v. Casteel*, 195 Ga. App. 455, 457 (393 SE2d 710) (1990).
[4] *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (3) (374 SE2d 737) (1989).

never perfected, then the original action is void, since the filing of a complaint without perfecting service does not constitute a pending suit. *Hobbs v. Arthur.*[5] In addition,

> [a] suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.

Id.; see *Allen v. Kahn.*[6]

According to subsection (a) of the renewal statute:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41.

OCGA § 9-2-61 (a). But, here, the federal diversity action had not been commenced within the applicable statute of limitation since service had not been timely perfected. Nor was the federal case dismissed voluntarily at the plaintiff's behest.

In addition, there had been a judicial determination that dismissal was authorized, and the federal court entered highly detailed findings in support of its decision to dismiss the action. The federal court expressly decided that Tate and Lau failed to show "good cause" or the exercise of due diligence in attempting to effectuate service. The court also found that Tate's and Lau's "explanations of error and inadvertence fail to meet the standard of excusable neglect." In crafting its order, the federal court concluded, "[t]herefore, not only did plaintiffs miss the Georgia narrow gate, they additionally missed the broad door of the federal rules." Because there had been a judicial determination that dismissal was authorized, the renewal statute cannot be applied here. See *Black v. Knight.*[7]

Nor does the federal court's decision to order that the case be dismissed without prejudice authorize the application of subsection (c)

---

[5] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).
[6] *Allen v. Kahn*, 231 Ga. App. 438, 439 (499 SE2d 164) (1998).
[7] *Black v. Knight*, 231 Ga. App. 820, 822 (499 SE2d 69) (1998).

of the renewal statute. OCGA § 9-2-61 (c) expressly states: "[t]he provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or *dismissed without prejudice for lack of subject matter jurisdiction* in either a court of this state or a federal court in this state." (Emphasis supplied.) Although the federal court apparently entered an order dismissing the action without prejudice, it did not do so because subject matter jurisdiction was lacking, but because service had not been timely perfected. Since the original court had ruled adversely to Tate on the reasonableness of service prior to the filing of the subsequent lawsuit, Tate could not avail himself of the renewal statute. *Allen*, supra. Accordingly, the trial court correctly granted summary judgment. See *Black*, supra.

2. Tate asserts that the trial court erred by finding that the costs required by OCGA § 9-2-61 (a) had not been paid, in light of evidence showing otherwise. Having determined that the renewal statute cannot be applied, the issue of proper payment of costs is now moot.

### Case No. A00A2239

In his appeal, Lau asserts the same purported errors as set forth in Tate's appeal. For the same reasons, we necessarily reach the same result.

*Judgments affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 30, 2001 — 

*Phillips & Kitchings, Richard D. Phillips, Joseph C. Kitchings*, for appellants.

*Brannen, Searcy & Smith, David R. Smith*, for appellees.