### A01A0650. KING v. WAL-MART STORES, INC.
(550 SE2d 673)

POPE, Presiding Judge.

Carolyn S. King sued Wal-Mart Stores, Inc. for injuries she claims to have sustained when she fell in the corporation's Savannah store on November 15, 1996. She filed her complaint on November 13, 1998, within the two-year statute of limitation for personal injury claims. OCGA § 9-3-33. Although King achieved service shortly after filing suit, she failed to serve the proper registered agent and instead served Wal-Mart's prior agent. The corporation had changed agents 11 days before King filed her lawsuit.

Almost a year later, on November 1, 1999, Wal-Mart moved to dismiss King's complaint. A short time later King achieved service on the proper agent. The trial court found that because service was effected only after the statute of limitation had run and after the five-day grace period for service under OCGA § 9-11-4 (c) had elapsed, King bore the burden of showing that she had exercised due diligence to obtain service. The court concluded that King had failed to carry this burden and dismissed the complaint on January 4, 2000.

On June 5, 2000, King filed the instant action alleging virtually the same claims against Wal-Mart as in the original action. She asserts that this complaint was made pursuant to the renewal provisions of OCGA § 9-2-61 (a). Wal-Mart again moved to dismiss, asserting that the renewal statute did not apply because King's original suit had been dismissed by the trial court and thus was void. The trial court agreed and dismissed King's second complaint. King argues, however, that the trial court's dismissal of her original action was improper because her original action was voidable, not void, and thus subject to renewal.

Georgia's renewal statute reads:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ; provided, however, if the dismissal or discontinuance occurs after the expiration of the appli-

cable period of limitation, this privilege of renewal shall be exercised only once.

OCGA § 9-2-61 (a).

In interpreting this provision, the Supreme Court of Georgia has stated that "[t]he privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action [is] merely voidable." (Citation and punctuation omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). The court found that an action is void and incapable of renewal if service is never perfected or if "there has been a judicial determination that dismissal is authorized." Id.

We must determine, therefore, whether King's action was void or merely voidable where she perfected service after the statute of limitation expired, but the trial court determined that she failed to do so with the requisite diligence. This Court recently addressed this very issue in *Tate v. Coastal Utilities*, 247 Ga. App. 738 (545 SE2d 124) (2001). There, a federal court had dismissed the plaintiffs' original lawsuit when it determined that they had failed to diligently serve the defendants after the applicable limitation period had expired. The plaintiffs attempted to file a renewal action, but the trial court found that the claims were time-barred and granted the defendants' motion for summary judgment.

On appeal, this Court agreed that the renewal statute was not applicable, even though the dismissal was purportedly without prejudice, because there had been a judicial determination that the plaintiffs failed to show diligence in serving the complaint. *Tate*, 247 Ga. App. at 740 (1):

> If reasonable and diligent efforts are not made to ensure proper service as quickly as possible, a plaintiff is guilty of laches, and service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cit.] . . . The federal court expressly decided that [the plaintiffs] failed to show "good cause" or the exercise of due diligence in attempting to effectuate service. . . . Because there had been a judicial determination that dismissal was authorized, the renewal statute cannot be applied here. [Cit.]

Id. at 739-740.

Similarly in this case, the trial court's dismissal in the original action was based upon its finding that King had not acted diligently in perfecting service on Wal-Mart. This judicial determination rendered King's original action void. See *Black v. Knight*, 231 Ga. App.

820 (499 SE2d 69) (1998). Accordingly, the renewal statute did not apply, and the trial court properly dismissed King's second complaint.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JUNE 14, 2001 — 

*Phillips & Kitchings, Richard D. Phillips, Joseph C. Kitchings,* for appellant.

*McLain & Merritt, John D. Rogers, Jr.,* for appellee.