Sidorva L. JOHNSON and Eric
V. Johnson, Plaintiffs,

v.

AMERICAN METER COMPANY,
Defendant.

No. CIV.A.1:03CV3272–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 30, 2004.

Michael Bernard King, Office of Michael B. King, Jonesboro, GA, for Plaintiffs.

Elisa Smith Kodish, Richard B. North, Jr., Nelson Mullins Riley & Scarborough, Atlanta, GA, for Defendant.

### ORDER

CARNES, District Judge.

This case is presently before the Court on defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice [5]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice [5] should be **GRANTED**.

### BACKGROUND [1]

#### I. FACTUAL BACKGROUND

On or about January 30, 2000, the gas meter on the outside of plaintiffs' home malfunctioned. (Pls.' Renewed Compl. for Damages, "Renewed Compl.," [1] at ¶ 2.) Gas entered their residence, causing an explosion, which then started a fire. (*Id.*) Plaintiffs allege that defendant negligently designed, manufactured and installed the gas meter. (*Id.* at ¶¶ 3, 14.) They claim that defendant knew or should have known of the gas meter's dangerous and defective condition and negligently failed to warn plaintiffs about this condition. (*Id.* at ¶¶ 4–5.) They also allege that defendant breached implied and express warranties. (*Id.* at ¶ 13.)

#### II. PROCEDURAL BACKGROUND

Plaintiffs originally filed this action in Fulton County Superior Court on January 30, 2002. (Product Liability Compl., attached as "Attach. A" to Pls.' Renewed Compl., [1].) They voluntarily dismissed

---

1. As this case is before the Court on defendant's motion to dismiss, the following facts are taken from plaintiffs' complaint and, for the purposes of ruling on the motion, are assumed to be true.

the complaint on April 28, 2003. (Renewed Compl. [1].) Pursuant to O.C.G.A. § 9–2–61(a), they renewed their action on October 28, 2003 when they filed their complaint in this Court. (*Id.*) The Court has diversity jurisdiction over the case, as plaintiffs are domiciled in Georgia and defendant American Meter Company is incorporated in Delaware and has its principal place of business in Pennsylvania. (*Id.* at ¶ 1.) The "renewed" complaint contains the same allegations as those made in the previous complaint in state court and involves the same plaintiffs and defendant. (Renewed Compl. [1].)

The Federal Rules of Civil Procedure allow a plaintiff 120 days after the filing of a complaint to serve the defendant. FED. R. CIV. P. 4(m). On February 18, 2003, the Court's deputy clerk noted that plaintiffs had not served defendant with the renewed complaint and sent plaintiffs a notice directing that they serve defendant by February 25, 2004, which would have been the 120th day.[2] (Feb. 18, 2003 Notice [2].) Plaintiffs perfected service on February 23, 2004. (Notice of Service [3].)

Defendant has moved to dismiss with prejudice all of plaintiffs' renewed claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss Pls.' Compl. with Prejudice, "Mot. to Dismiss," [5].) Defendant argues that because state law controls and plaintiffs did not properly perfect service in accordance with the controlling state law, plaintiffs' personal injury and property damage claims are time-barred. (Def.'s Mem. in Supp. of its Mot. to Dismiss Pls.' Renewed Compl. with Prejudice, "Def.'s Mem.," [5] at 1.) Plain-

tiffs counter that the statute of limitations is controlled by federal law and that they filed their renewed complaint and perfected service within the applicable federal period of limitations. Accordingly, they contend that the Court should not dismiss their claims. (Pls.' Resp. to Def.'s Mot. to Dismiss, "Pls.' Resp.," [10] at ¶ 2.)[3]

## DISCUSSION

### I. MOTION TO DISMISS STANDARD

Under Federal Rule 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief may be granted. When deciding whether to dismiss a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations of material fact as true. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir.1998). A court may grant a motion to dismiss if it finds that the plaintiff cannot prove any set of facts consistent with the complaint which would entitle him or her to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Defendants bear "the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle them to relief." *Beck,* 144 F.3d at 736.

### II. GEORGIA'S STATUTES OF LIMITATIONS APPLY IN THIS CASE

State law concerning the applicable statute of limitations governs the outcome of this case because federal courts sitting in diversity must apply the controlling sub-

---

**2.** FED. R. CIV. P. 4(m) calls for dismissal on the Court's own initiative after notice to a plaintiff who runs afoul of the 120–day time period. The Court's Clerk sends such notices, as a matter of course, to plaintiffs who are approaching the 120th day without having served the defendant. Of course, at the time notice was sent, the Court would have had no awareness that any other deadline for service might have been operative.

**3.** The Court notes that plaintiffs failed to timely respond to defendant's motion to dismiss. The Court will nonetheless address the merits of defendant's motion.

stantive law of the state. *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Georgia,* 720 F.2d 1230, 1232 (11th Cir.1983) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). State statutes of limitations are substantive laws. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (same). The Supreme Court has explained:

> there is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

*Walker,* 446 U.S. at 753, 100 S.Ct. 1978.

■ Under Georgia law, actions for personal injuries must be brought within two years after the right of action accrues, and actions for property damage within four. O.C.G.A. §§ 9–3–30, 9–3–31, 9–3–33 (2004). Moreover, under Georgia law, service of process shall be made by the person making service within five days of the receipt of summons and complaint. O.C.G.A. § 9–11–4(c). Service of process later than five days but within the statute of limitations does not, however, appear to trigger any adverse consequences, as the statute also provides that "failure to make service within the five-day period will not invalidate a later service." *Id.* However, failure to serve within this five-day window, when service occurs after expiration of the statute of limitation, can potentially cause the plaintiff to run afoul of the statute of limitations, because in Georgia, "the mere filing of a complaint does not commence suit unless timely service is perfected as required by law." *Tate v. Coastal Utilities, Inc.* 247 Ga.App. 738, 739, 545

S.E.2d 124, 126 (2001), citing *Ingram v. Grose,* 180 Ga.App. 647, 647, 350 S.E.2d 289, 289–90 (1986). Rather, where service of process is made after expiration of the statute of limitations for a complaint filed within the statute, this service will relate back to the filing of the complaint only if (1) plaintiff has perfected service within five days of the filing of the complaint or (2) plaintiff has otherwise diligently attempted to perfect service. *McAndrew v. Lockheed Martin Corp.,* 177 F.3d 1310, 1314 (1999), *rev.'d on other grounds,* 206 F.3d 1031 (11th Cir.2000) (*en banc*); *Cambridge Mut. Fire Ins. Co., v. Claxton,* 720 F.2d 1230, 1232 (11th Cir.1983).

■ Thus, as Georgia law does not deem an action to be commenced until service of process has been made and does not allow the service date to relate back to the date of filing of the complaint except under the two conditions noted *supra,* this Georgia law concerning service of process is an "integral part[ ]" of the state statute of limitations." *Cambridge,* 720 F.2d at 1233. Accordingly, Georgia law concerning the timeliness of service of process, not federal law, shall be applied in determining whether a plaintiff has complied with the relevant statute of limitations.

■ In the typical case, a plaintiff both files a complaint and perfects service before the expiration of the statute of limitations. For the procrastinating plaintiff who files suit at the end of the limitations period, the statute of limitations will not bar suit as long as the plaintiff perfects service within five days after filing the complaint, even if service is perfected after the statute of limitations expires. *McAndrew, supra.* The plaintiff who fails to perfect service within five days after filing the complaint and who serves process after the expiration of the statute of limitations will, however, be able to survive a statute of limitations attack only if he can show that he acted in a "reasonable and diligent

manner" to "effectuate proper service as quickly as possible." *Sykes v. Springer*, 220 Ga.App. 388, 390, 469 S.E.2d 472, 473–75 (1996). Further, the plaintiff bears the burden of showing lack of fault. *Id.* Diligence is measured from the time of filing the renewal action, not from the ending date of the six-month period under the renewal statute. *Magsalin v. Chace*, 255 Ga.App. 146, 147–48, 564 S.E.2d 554, 556, (2002). Moreover, in describing the degree of diligence required, Georgia courts have "consistently used the phrase 'as quickly as possible,'" *Zeigler v. Hambrick*, 257 Ga.App. 356, 358, 571 S.E.2d 418, 420 (2002). *Accord Sykes, supra*, 220 Ga.App. at 390, 469 S.E.2d at 474–75 ( "the greatest possible diligence"); *Lau v. Klinger*, 46 F.Supp.2d 1377, 1382 (S.D.Ga.1999) (applying Georgia law) (citations omitted). *See also In Re: Multidistrict Litig. Concerning Air Crash Disaster Near Brunswick, Georgia April 4, 1991*, 158 F.R.D. 693, 700 (N.D.Ga.1994) (O'Kelly, C.J.) (applying Georgia law) (citation omitted).

In this case, plaintiff has utilized the Georgia renewal statute. O.C.G.A. § 9–2–61(a) (2004). That is, after dismissing his original complaint filed in state court, plaintiff renewed or refiled this complaint in this Court. The Georgia renewal statute permits a plaintiff to dismiss his complaint and refile after expiration of the statute of limitations, as long as the plaintiff refiles the action within six months of the plaintiff's dismissal.[4] Further, the same technical requirements applicable to the filing and service of a new complaint, *vis a vis* the operation of the statute of limitations, also apply to a renewed lawsuit. *Heard v. Hart*, 241 Ga.App. 441, 442, 526 S.E.2d 908, 909 (1999). Indeed, all of the cases cited *supra* concerning the ability to relate back service of process to the filing of a complaint have involved renewal actions, save one.

■ Accordingly, a plaintiff who has renewed his action within the six-month window for that purpose, but who has served process outside that window, will satisfy the statute of limitations only if he either served process within five days of the filing of the complaint or if, later than five days, upon a showing that the plaintiff had nonetheless been diligent in attempting to promptly serve the defendant. If the plaintiff can make either of these showings, service will still relate back to the filing of the complaint. The Court will now proceed to examine this case under the above standards.

## I. GEORGIA LAW BARS PLAINTIFFS' CLAIMS

■ The fire occurred on January 30, 2000. (Renewed Compl. at ¶ 2.) Thus, the original statute of limitations on plaintiffs' personal injury claims, which was two years, ran on January 30, 2002. As plaintiffs dismissed the state Superior Court action on April 28, 2003, the statute of limitations had already expired at the time of dismissal. To take advantage of the Georgia renewal statute, and thereby escape a statute of limitations bar, plaintiffs therefore had six months—or until October 28, 2003—to file and serve the renewed complaint. Plaintiffs filed the re-

---

4. O.C.G.A. § 9–2–61(a) provides:
   When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9–11–41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

newed complaint on October 28, 2003—the last day of the six-month period—but failed to perfect service until February 23, 2004, 118 days after filing. (Def.'s Mem. at 6.) Plaintiffs, therefore, clearly failed to meet the five-day deadline for service of process after the filing of a renewed complaint.

██ The original statute of limitations on plaintiffs' property damage claims, which was a four-year period, ran on January 30, 2004, approximately eight months after plaintiffs voluntarily dismissed the original complaint on April 28, 2003. Accordingly, by filing their renewed complaint on October 28, 2003, plaintiffs complied with the requirement of the renewal statute that all renewed actions must be filed within six months of dismissal or before the expiration of the statute of limitations, whichever is later. Yet, as noted, the statute is tolled only if service is timely perfected, and under Georgia law, timely is construed, for these purposes, as five days within the filing date of the complaint. Therefore, plaintiffs were required to serve process as to this property claim the later date of either November 3, 2003, which would have been five days after the filing of the renewed complaint, or January 30, 2004, the date that the statute on this claim would have expired, independent of

the renewal statute.[5] Accordingly, by failing to perfect service until February 23, 2004, plaintiffs did not timely serve defendant under Georgia law.

## II. PLAINTIFFS FAILED TO SHOW THAT SERVICE WAS MADE IN A REASONABLE AND DILIGENT MANNER.

██ Because plaintiffs did not meet the specified deadline for perfecting service, they can survive a statute of limitations attack only by demonstrating that they nonetheless acted "in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible." *Heard*, 241 Ga.App. at 442, 526 S.E.2d at 909. Unfortunately, plaintiffs' counsel has not attempted to make any showing that counsel acted diligently in perfecting service.

In undertaking this burden to show appropriate diligence, plaintiffs have submitted a two-sentence response, apparently relying on the Federal Rules' 120–day time period for perfection of process.[6] They fail, however, to offer any explanation or cite to any case law justifying their reliance on federal law.

Ignorance of the law is no excuse.[7] *See Robinette v. Johnston*, 637 F.Supp. 922

---

**5.** As noted *supra,* one measures the five-day period from the date of the filing of the complaint, not the last date of renewal period. *Cf. Magsalin,* 255 Ga.App. at 147–48, 564 S.E.2d at 554 (diligence is measured from the time of filing the renewal action, not from the ending date of the six-month renewal statute.) Even were one measuring the five-day period from the expiration of the statute of limitations, plaintiffs would not satisfy such a test because they did not serve the defendant until February 23, which was more than five days after the expiration of the renewal period on January 30, 2004.

**6.** Plaintiffs did not actually cite this rule, but instead merely asserted that they had 120 days to perfect service under federal law.

**7.** Plaintiffs could not persuasively argue—and indeed have not argued—that they relied to their detriment on this Court's notice of February 18, 2003, indicating that plaintiffs must serve the defendants by February 25, 2003. Even were such a reliance argument legally viable—which the Court doubts—the timing of the pertinent events does not support such an argument. As noted, plaintiffs had a duty to serve defendant by November 2, 2003 on the personal injury claim and by January 30, 2004 on the property claim. As this Court's notice did not go out until February 18, 2004, plaintiffs could not have relied on it in failing to meet these earlier deadlines for service. Moreover, the Court is uncertain that plaintiffs would have even served defendant when they did, on February 23, 2004, two days

(M.D.Ga.1986) (applying Georgia law) (finding that being unaware of concept that service of process is required to toll statute of limitations is not adequate justification for delay); *see also McAndrew,* 177 F.3d at 1314 (same). Further, as noted, federal courts sitting in diversity actions must apply state substantive law, and state statutes of limitations are deemed substantive state law. *Walker,* 446 U.S. at 752, 100 S.Ct. 1978; *Guaranty Trust,* 326 U.S. at 110, 65 S.Ct. 1464; *Cambridge,* 720 F.2d at 1232.

In short, plaintiffs failed to timely perfect service in accordance with Georgia's statutes of limitation and they have made no showing to this Court that can overcome defendant's motion to dismiss. Pursuant to § 9–2–61(a), the "privilege of renewal" may be exercised only once. O.C.G.A. § 9–2–61(a) (2004). Accordingly, the Court **GRANTS** defendant's motion to dismiss and dismisses plaintiffs' complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice [5].

before expiration of the 120–day period set out by Fed. R. Civ. P. 4(m), had this Court not sent the February 18th notice.