A07A1220. MIKELL et al. v. CERTAIN UNDERWRITERS AT LLOYDS, LONDON.
(654 SE2d 227)

BERNES, Judge.

Thomas L. and Thessalonia G. Mikell, individually and as the natural parents of and co-administrators of the estate of Wanda L. Mikell, appeal from the dismissal of their renewal action against Those Certain Underwriters at Lloyds, London. The Mikells' underlying claim against Underwriters was based upon a homeowners insurance policy that Lloyds, London had issued to Jerome Claxton, whose alleged negligence contributed to the unfortunate death of their daughter. The trial court determined that Georgia's renewal statute, OCGA § 9-2-61, did not apply and, therefore, that the applicable statute of limitation barred the Mikells' attempt to renew their action. We agree with the trial court and affirm.

This case involves three lawsuits filed by the Mikells. In April 1999, the Mikells filed their first lawsuit, a wrongful death and survival action against Claxton for damages arising from a car accident that had occurred in January 1998 and resulted in the death of their daughter. In May 1999, the Mikells served the wrongful death and survival action on Claxton, who defaulted by failing to file an answer. No judgment against Claxton was entered at that time. On January 10, 2000, Underwriters denied coverage for the Mikells' claim, asserting that Claxton had failed to provide them proper notice pursuant to the terms of his policy and that the policy did not cover either the property at issue or the events forming the basis of the underlying suit.

On August 10, 2004, the Mikells filed the second action directly against Underwriters, seeking a declaration of coverage. The Mikells claimed that a question of fact existed as to whether the insurance policy issued to Claxton provided coverage for the damages sought in the wrongful death and survival action. On that same day, the Mikells also filed a motion for default judgment against Claxton in the first lawsuit. On December 7, 2004, the trial court granted their motion, entered an order of default and awarded a judgment against Claxton.

On January 11, 2006, the trial court dismissed without prejudice the declaratory judgment action against Underwriters, concluding that the Mikells lacked standing to bring the action because at the time the complaint was filed, no judgment had been entered against Claxton.[1] See *Crane v. Lazaro*, 281 Ga. App. 127, 128 (1) (635 SE2d 319) (2006). ("Where there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy.") (citation and punctuation omitted). See also *Capital Indem. Corp. v. Fraley*, 266 Ga. App. 561, 563 (1) (597 SE2d 601) (2004).

On July 7, 2006, the Mikells filed the third lawsuit, an identical complaint against Underwriters, contending that they were renewing the original action under OCGA § 9-2-61 (a). Underwriters moved to dismiss the complaint as barred by the applicable statute of limitation. Concluding that the renewal statute did not apply because the original suit was void due to the Mikells' lack of standing, the trial court dismissed the complaint as time barred. The sole issue on appeal is whether the trial court erred in its determination that the original lawsuit against Underwriters could not be renewed.

Pursuant to Georgia's renewal statute, a case that has been voluntarily dismissed after the running of the applicable statute of limitation may be refiled within six months of the dismissal. OCGA § 9-2-61 (a). However, "[t]he privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases." (Citation and footnote omitted.) *Tate v. Coastal Utilities*, 247 Ga. App. 738, 739 (1) (545 SE2d 124) (2001). See *Trent v. Franco*, 253 Ga. App. 104, 106 (1) (558 SE2d 66) (2001). A suit is void and incapable of renewal where a judicial determination has been made that dismissal is authorized. *Tate*, 247 Ga. App. at 740 (1). See *King v. Wal-Mart Stores*, 250 Ga. App. 103, 104 (550 SE2d 673) (2001). Moreover, "[t]he renewal statute is available only where the original action was a valid suit; if a complaint is dismissed for a defect that is nonamendable, there is no valid suit to be renewed." (Citation and punctuation omitted.) *Foskey v. Foster*, 199 Ga. App. 205, 206 (404 SE2d 303) (1991).

In this case, there was a judicial dismissal based on a nonamendable defect. The trial court dismissed the original action against Underwriters after it determined that the Mikells lacked standing

---

[1] Though the Mikells do not challenge the trial court's ruling dismissing the initial action, we note that "a plaintiff must have standing on the date that his or her action is filed." *Perdue v. Lake*, 282 Ga. 348, 349 (2) (a) (647 SE2d 6) (2007).

under Georgia law to bring the action. Lack of standing is a non-amendable defect because a party may not gain standing based on events occurring after the filing of the complaint. *Perdue*, 282 Ga. at 349 (2) (a). Thus, the original declaratory action itself was not a valid lawsuit and there was no viable action to renew. See id.; *Crane*, 281 Ga. App. at 128 (1); *King*, 250 Ga. App. at 104; *Tate*, 247 Ga. App. at 740 (1). Since the parties do not dispute that the subsequent action was filed outside of the applicable statute of limitation, the trial court properly dismissed the action. See *King*, 250 Ga. App. at 104; *Tate*, 247 Ga. App. at 740 (1); *Foskey*, 199 Ga. App. at 205.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 15, 2007.

*Lester B. Johnson III*, for appellants.

*Fields, Howell, Athans & McLaughlin, Paul L. Fields, Jr., Gregory L. Mast*, for appellee.