## A94A2119. BILL PARKER & ASSOCIATES v. RAHR.
(456 SE2d 221)

BIRDSONG, Presiding Judge.

Bill Parker & Associates ("Parker") appeals a judgment, based upon a jury verdict, in favor of Andrew Rahr on his legal malpractice claims. This litigation arises from a transaction in which Rahr retained Bill Parker & Associates to prevent a foreclosure on his property. To prevent foreclosure, a bankruptcy petition was to be filed in

the Newnan Division of the United States Bankruptcy Court. After Rahr signed the petition and mailed it to Parker's Atlanta office, the petition was transmitted to Parker's Newnan office for filing. The procedures used in this case, however, deviated from the usual procedures in that in Newnan the client usually signed the petition in the office and then the petition would be filed. Expecting those procedures to be followed in Rahr's case, the attorney in Newnan did not immediately file the petition as the Atlanta office expected, but, without even reading the petition, held it awaiting Rahr's signature. Before this error was detected, it was too late to prevent the foreclosure.

Rahr then brought this legal malpractice action against Parker and the attorneys who handled his bankruptcy petition. Although the action was filed in Fulton Superior Court 20 days before the expiration of the statute of limitation for tort actions, service on Parker was not accomplished until 57 days after the expiration of the statute. Although a duplicate original summons and service copy of the complaint were forwarded to the DeKalb County Sheriff in sufficient time for service on Parker at the correct address in that jurisdiction, the sheriff returned the service documents stating Parker could not be served at that address. Thereafter, Rahr attempted to ascertain where Parker could be served only to learn that the address first provided the sheriff was the proper address after all. Parker was then served.

The record shows also that after Parker filed motions to dismiss and for summary judgment that were denied, he filed and dismissed an application for an interlocutory appeal under OCGA § 5-6-34 (b).

Although Rahr settled his claims against the individual attorneys, the case proceeded to trial against Parker. Ultimately, the jury returned a verdict in favor of Rahr for $500 in nominal damages, $5,000 in general damages, and $8,500 in special damages.

Parker alleges that the trial court erred by denying its motion to dismiss based on the expiration of the statute of limitation; that the trial court erred by denying its motion for summary judgment based on the release granted to one of Parker's co-defendants; that the trial court erred by denying a motion for directed verdict because Rahr failed to show by expert testimony a separate act of malpractice committed by Parker that was the proximate cause of Rahr's loss; that the verdict is illegal; and that the trial court erred by awarding attorney fees and expenses of litigation under OCGA § 9-15-14 because the record did not support the award. *Held*:

1. Parker's allegation that the trial court erred by denying his motion to dismiss the complaint based on untimely service of process is without merit.

The trial court found that there was insufficient evidence of lack of diligence to warrant granting the motion. Parker contends the trial

court's ruling was erroneous because the burden was on Rahr to prove his diligence rather than on Parker to prove the lack of diligence. While Parker correctly states the proper test (*Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360)), we will not reverse the trial court merely because the trial court misspoke in stating the reason for its ruling. *Ely v. State*, 192 Ga. App. 203, 205 (384 SE2d 268). Here, we find no abuse of discretion. Rahr provided the sheriff with a correct service address; if the sheriff had merely executed his responsibilities properly, Parker would have been timely served and this issue would not have arisen. A party should not be penalized because of the actions of the officials charged under our law with service of process. *Deloach v. Hewes*, 211 Ga. App. 321 (439 SE2d 94); *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349-350 (408 SE2d 111).

2. Although Parker re-asserted his motion for summary judgment based on the release of a co-defendant in his motion for a directed verdict, he has not enumerated the denial of this motion as error on appeal. Accordingly, any issue concerning the denial of his motion for a directed verdict based on the release of a co-defendant is not before us for review (*Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (367 SE2d 272)) as the issues were waived (see *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507)); or abandoned (Court of Appeals Rule 15 (c) (2); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564)), and we cannot consider errors not enumerated. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396); *Hurston v. Ga. Farm Bureau Mut. Ins. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886). Further, any issue concerning the denial of Parker's motions for summary judgment is moot because the case has been tried on the merits and the evidence found to support the verdict. *Talmadge v. Talmadge*, 241 Ga. 609 (247 SE2d 61); *Gosnell v. Waldrip*, 158 Ga. App. 685, 686 (282 SE2d 168).

3. Parker further contends the trial court erred by denying his motion for a directed verdict on liability based on Rahr's failure to show by expert testimony that any act of malpractice committed by Parker separately was the proximate cause of Rahr's loss. In reviewing the trial court's denial of Parker's motion for a directed verdict, this court must resolve the evidence and any doubt or ambiguity in favor of the verdict, and a directed verdict is not proper unless there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions therefrom, demands a certain verdict. *Southern Store &c. Equip. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Further, the "denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citations, punctuation, and emphasis omitted.) *Estfan v. Poole*, 193 Ga. App. 507, 509 (388 SE2d 373).

Parker contends that because of Rahr's settlement with Parker's co-defendant and release of his claim, Rahr cannot rely on respondeat superior as a basis for his claims against Parker. See *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549 (430 SE2d 846). Thus, Parker maintains that Rahr must base his claim on some negligence by Parker which was sufficient to support the verdict. Pretermitting whether Parker could be vicariously liable under respondeat superior because of *Harris v. Hanna Creative Enterprises*, supra, we cannot say there was no evidence that Parker's personal negligence was not responsible for Rahr's damages. Parker was the senior official of Bill Parker & Associates and was responsible for the firm's procedures and practices for doing business, and whether these procedures and practices were the proximate cause of Rahr's damages was a question for the jury. While apart from respondeat superior Parker may not be responsible for another attorney's failure to read his mail and take action on it, or may not be responsible for another attorney's failure to communicate that a particular matter required special handling, Parker, nevertheless, was responsible for the system in which these attorneys operated, and whether these procedures caused Rahr's damages is a question for the jury. Accordingly, the trial court did not err by denying Parker's motion for a directed verdict.

4. Parker also alleges the jury verdict is illegal because the verdict for $5,000 in general damages and special damages of $8,500 could have only been awarded ex delicto and not ex contractu, but any tort recovery against appellant should be barred by the statute of limitation. The thrust of Parker's argument is that general and special damages are not authorized in a contract action and because Parker contends that Rahr's action based on negligence should have been barred by the expiration of the two-year statute of limitation for negligence actions, these damages for a tort were not authorized. Because of our disposition of Parker's argument regarding the expiration of the statute of limitation in Division 1, this argument is without legal support. Further, even though the statutory definitions of general and special damages (see OCGA § 51-12-2 (a) and (b)) refer to tortious acts, general and special damages also may be recovered in contract actions if the general and special damages are not remote or consequential (OCGA § 13-6-8) and "are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." OCGA § 13-6-2. In particular, "[a]ny necessary expense which one of two contracting parties incurs in complying with the contract may be recovered as damages." OCGA § 13-6-9. See also *Eastgate Assoc. v. Piggly Wiggly Southern*, 200 Ga. App. 872, 875 (410 SE2d 129); Cobb & Eldridge, Ga. Law of Damages (3d ed.), p. 19, § 2-2. This enumeration of error is without merit.

Nevertheless, because the jury awarded general and special damages, the award of nominal damages was not authorized. Nominal damages are authorized when some loss is proven but " 'the damages are not susceptible of reasonable certainty of proof as to their extent.' " *Ponce de Leon Condos. v. DiGirolamo*, 238 Ga. 188, 190 (232 SE2d 62). Accordingly, upon receipt of the remittitur, the trial court is directed to strike $500 from the judgment.

5. Finally, Parker asserts that the trial court erred by making an award under OCGA § 9-15-14 because there was no evidence on which the trial court could base the award. As to the hours and fees, this contention is without merit because Rahr's attorney testified about the hours expended and the fees he charges. As to the merits of the award under OCGA § 9-15-14, however, the record does not authorize an award under OCGA § 9-15-14 because the trial court did not make the required findings. See *Porter v. Felker*, 261 Ga. 421, 422 (405 SE2d 31); *MacDougald v. Phillips*, 213 Ga. App. 575, 576-577 (445 SE2d 357). Accordingly, the award under OCGA § 9-15-14 must be remanded to the trial court with direction that the court make findings that would support the award or vacate the award. *MacDougald v. Phillips*, 262 Ga. 778 (425 SE2d 652).

*Judgment affirmed in part and remanded in part with direction. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 21, 1995 —
RECONSIDERATION DENIED MARCH 24, 1995 —

*William R. Parker,* for appellant.
*Ralph S. Goldberg,* for appellee.