## A99A1745. HEARD v. HART.
(526 SE2d 908)

BLACKBURN, Presiding Judge.

Lavon Marcellus Heard appeals the dismissal of his personal injury action against Sharman D. Hart, contending that the trial court erred by finding that he had not diligently served Hart. For the reasons set forth below, we affirm.

Heard and Hart were involved in a two-car collision on May 8, 1993. On March 31, 1995, Heard, through his original counsel, filed suit against Hart to recover for personal injuries and property loss caused by Hart's negligence. Hart was served on April 3, 1995. On May 8, 1995, the two-year statute of limitation on Heard's claims expired. See OCGA § 9-3-33. Then, on April 17, 1997, an associate of Heard's original attorney took Hart's deposition, in which she indicated that she had recently been married and provided her new last

---

[1] Ga. L. 1998, p. 180, § 2.
[2] Ga. L. 1998, p. 842, § 6.
[3] *Hicks v. State*, 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997).

name and her current address. Later, Heard, through his original attorney, dismissed his timely filed action without prejudice on January 14, 1998. Through his present counsel, Heard refiled his case within six months pursuant to the renewal statute, OCGA § 9-2-61, on July 2, 1998.

In the summons form which accompanied the complaint in the refiled lawsuit, Heard's attorney provided Hart's address as it existed prior to her marriage, despite the fact that she held a transcript of Hart's deposition which indicated that Hart had married since the accident, that her new last name was Folds, and that her new address was 2722 Lower Big Springs Road. Based on the information provided by Heard's attorney, the sheriff's department attempted to serve Hart on July 2, 1998, but discovered that she no longer lived at the address provided on the summons, which was, in fact, her father's address. Hart's father explained to the sheriff's department that his daughter had married and moved to another address, which he mistakenly identified as 1722 Lower Big Springs Road. No such address exists. The representative of the sheriff's department mistakenly recorded Hart's husband's last name as Floyd. Because of these mistakes, the sheriff's department was unable to serve Hart and so notified Heard's present attorney on July 2, 1998. On September 29, 1998, Mr. Hart advised the sheriff's office of his earlier mistake and provided the sheriff's department with the correct information which was relayed to Heard's counsel. Heard's attorney then provided the sheriff's department with an accurate return of service form and requested service on Hart. Hart was finally served with the renewed suit on October 9, 1998. On October 27, 1998, Hart filed an answer to Heard's complaint requesting, among other things, that his suit be dismissed for failure to perfect service in a diligent manner.

A renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. Diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit. Since service of the renewal action in this case was not perfected within the six-month renewal period, [Heard] would have the burden of showing that [he] acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.

(Citations and punctuation omitted.) *McClendon v. 1152 Spring St. Assoc. &c.*, 225 Ga. App. 333, 336 (484 SE2d 40) (1997).

OCGA § 9-11-4 (c) requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citations and punctuation omitted.) *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997).

In this case, the defendant was not served until approximately three months after the renewed action was filed because Heard's attorney provided the sheriff's department with an erroneous address, despite the fact that she held a deposition containing the correct address. See *Walker v. Hoover*, 191 Ga. App. 859 (383 SE2d 208) (1989). This deposition was in Heard's record for over a year before his renewal action was filed, and Heard's attorney would have known Hart's correct address simply by reading this important document.

Heard's attorney argues that she should be excused from this oversight because (1) her mail was being tampered with and not being delivered, thereby depriving her of notice that summons had not appropriately issued and (2) she relied on Hart's responses to interrogatories given in May 1995, which were never appropriately supplemented. The trial court found that Heard had not been diligent in perfecting service under these facts. The inability of the sheriff to serve Hart does not excuse Heard's failure. This Court has held that "[t]he burden is on the plaintiff, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible." (Punctuation omitted.) *Strickland v. Home Depot*, 234 Ga. App. 545, 546 (507 SE2d 783) (1998).

Therefore, we cannot say that the trial court abused its discretion in finding that Heard was not diligent in serving Hart and in dismissing this case.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 14, 1999.

*Christopher J. McFadden, Christina D. Wagner*, for appellant.
*Lewis, Taylor, Todd & Dixon, John M. Taylor*, for appellee.