A02A0642. MAGSALIN v. CHACE.
(564 SE2d 554)

PHIPPS, Judge.

Acquilina Magsalin and Consuelo Chace were involved in an automobile collision on May 14, 1996. On May 11, 1998, Magsalin sued Chace for injuries sustained in the collision. Magsalin dismissed the complaint without prejudice on October 17, 2000, and refiled it on March 30, 2001. Chace was served with the second action on May 26, 2001, and filed a motion to dismiss based on lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. The trial court granted Chace's motion, finding that Magsalin had failed to satisfy her burden of proving that she had exercised due diligence in perfecting service on Chace in the second action. We agree and affirm.

On March 30, 2001, Magsalin's attorney informed Chace's attorney that he would be filing the renewal action, that he would send

him a copy of the complaint and that he wanted Chace to acknowledge service. Chace's attorney responded that he would discuss the matter with his client when he received a copy of the complaint. Magsalin's attorney claims that he sent Chace's attorney a copy of the complaint on April 2, 2001, but Chace's attorney denied ever receiving a copy from Magsalin's attorney. Magsalin's attorney also claims that he called Chace's attorney several times between April 20 and May 1, 2001, but that his calls were never returned. Chace's attorney denied receiving any calls or messages from Magsalin's attorney during that period and stated that he always promptly returns all telephone calls from attorneys. During the week of May 7, Magsalin's attorney was informed by a secretary in the office of Chace's attorney that Chace would not acknowledge service of the complaint. Magsalin's attorney then forwarded the papers to the sheriff's office for service. Chace was served with the renewal action at the same address listed in the original action.

1. Magsalin claims that the trial court erred by dismissing her complaint for lack of diligence in perfecting service. She argues that the trial court used an improper method for determining if service was made as quickly as possible and that her attorney had not acted unreasonably in relying on representations from Chace's attorney that he would ask his client to acknowledge service.

OCGA § 9-2-61 (a) provides that a plaintiff may refile an action she previously dismissed within the original applicable statute of limitation or within six months after the dismissal, whichever is later.

> A renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. Diligence in perfecting service . . . in a [renewal] action . . . must be measured from the time of filing the renewed suit. [Because] service of the renewal action in this case was not perfected within the six-month renewal period, [Magsalin] would have the burden of showing that [s]he acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.[1]

The trial court found that Magsalin's failure to perfect service on Chace until 56 days after filing her renewal action constituted a failure to exercise due diligence. Magsalin argues that the trial court should have begun with the end of the six-month renewal period and counted the number of days from that date until service was per-

---

[1] (Citation omitted.) *Heard v. Hart*, 241 Ga. App. 441, 442 (526 SE2d 908) (1999).

fected to determine if she had exercised due diligence. Magsalin cites no authority for her position, which directly contradicts prior decisions from the Supreme Court of Georgia and this court.[2] The trial court correctly determined that diligence in perfecting service should be measured from the time of filing the renewal action.

Magsalin argues that the court should not measure diligence solely by a mechanical counting of days, but should consider all of the relevant facts. She contends that the trial court failed to consider the fact that her attorney reasonably waited for a response from Chace's counsel regarding whether his client would acknowledge service. But the trial court did consider that fact and determined that it did not excuse Magsalin's failure to attempt service on Chace.

Absent abuse, we will not disturb a trial court's determination of whether a plaintiff has failed to exercise diligence in perfecting service after the statute of limitation has run.[3] Here, it is undisputed that Chace's attorney never told Magsalin's attorney that he or his client would acknowledge service. Given the fact that the statute of limitation had expired, it was not reasonable for Magsalin to wait more than a month to determine if Chace might agree to acknowledge service. We hold that the trial court did not abuse its discretion by granting Chace's motion because the evidence does not demand a finding of due diligence.[4]

2. Magsalin argues that the trial court erred because Chace has shown no prejudice by the delay in service. But in this situation, the burden is on Magsalin to show that she acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.[5] As set forth in Division 1, she has failed to meet that burden.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 22, 2002.

*James S. Grimes*, for appellant.
*Blasingame, Burch, Garrard, Bryant & Ashley, Andrew J. Hill III, Josh B. Wages*, for appellee.

---

[2] See *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); *Heard*, supra.

[3] *Scott v. Taylor*, 234 Ga. App. 543, 544 (507 SE2d 798) (1998).

[4] Id.; see also *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977) (although excuses were offered, we cannot hold that plaintiff was diligent as a matter of law).

[5] *Heard*, supra.