## A02A0940. ZEIGLER v. HAMBRICK.
(571 SE2d 418)·

ELLINGTON, Judge.

Althea Zeigler appeals the order dismissing her personal injury action against Nicole Hambrick. The State Court of DeKalb County concluded Zeigler failed to exercise due diligence in serving Hambrick and granted Hambrick's motion to dismiss or, in the alternative, for summary judgment. Zeigler appeals, contending the trial judge applied the incorrect standard when evaluating whether service was timely. Zeigler also contends the trial court erred in concluding she failed to act diligently in serving Hambrick 21 days after filing the renewal action. Finding no error, we affirm.

Briefly, the record shows Zeigler and Hambrick were involved in a car collision on July 15, 1997. In 1998, Zeigler filed a timely suit for personal injuries in the State Court of Fulton County. Zeigler later voluntarily dismissed this suit on September 19, 2000, after learning Hambrick was a resident of DeKalb, not Fulton, County. Zeigler filed a timely renewal action under OCGA § 9-2-61 in DeKalb County on March 9, 2001. The DeKalb County marshal served Hambrick on March 30, 2001, 21 days after Zeigler filed her renewal suit.

Hambrick filed a motion to dismiss or, in the alternative, for summary judgment, arguing the statute of limitation had run on Zeigler's claim. Noting that a plaintiff has the burden to ensure the defendant is served "as quickly as possible," the trial court granted Hambrick's motion to dismiss, because "[Zeigler] failed to exercise due diligence in serving [Hambrick]."

1. Under OCGA § 9-11-4 (c), "[w]hen service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." Zeigler contends, correctly, that service perfected more than five days after filing can be deemed timely if the trial court determines the plaintiff exercised "due diligence" in serving the defendant. See *Starr v. Wimbush*, 201 Ga. App. 280, 281 (2)

(410 SE2d 776) (1991). Zeigler contends the trial court in this case improperly applied a more stringent standard when it granted Hambrick's motion to dismiss on the basis Zeigler did not perfect service "as quickly as possible." We disagree.

This Court has consistently used the phrase "as quickly as possible" to describe due diligence in perfecting service. "When an action is filed within the applicable limitation period but service is perfected more than five days after that period expires, the service relates back to the original filing only if the plaintiff acted reasonably and diligently to ensure that proper service was made as quickly as possible." (Footnote omitted.) *Douglas v. Seidl,* 251 Ga. App. 147, 148 (553 SE2d 829) (2001). See also *Magsalin v. Chace,* 255 Ga. App. 146, 147 (1) (564 SE2d 554) (2002); *Heard v. Hart,* 241 Ga. App. 441, 442 (526 SE2d 908) (1999); *Walker v. Bord,* 225 Ga. App. 242, 243 (483 SE2d 675) (1997). Thus, the trial court did not err in using "as quickly as possible" as a measure in determining whether Zeigler exercised "due diligence."

2. Zeigler contends the trial court erred in concluding she failed to exercise due diligence in serving Hambrick.

> Diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit. Since service of the renewal action in this case was not perfected within the six-month renewal period, [Zeigler] would have the burden of showing that [she] acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.

(Citation and punctuation omitted.) *Heard v. Hart,* 241 Ga. App. at 442. The determination of whether Zeigler was guilty of laches in failing to exercise due diligence in perfecting service is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. Id. at 443.

As the burden rests on the plaintiff to ensure diligent service, she must provide specific dates or details to show diligence and cannot rely on conclusory statements. *Freemon v. Dubroca,* 177 Ga. App. 745, 746 (2) (341 SE2d 276) (1986). In this case, Zeigler provided no evidence to show she exercised diligence in perfecting service. Zeigler averred, without a supporting affidavit, that the marshal's office was having trouble serving Hambrick due to demands on the office. Zeigler provided no evidence, however, that she took *any* steps to ensure that her renewal action was served, such as by making inquiries at the marshal's office or by requesting a special process server. *Scott v. Taylor,* 234 Ga. App. 543, 544 (507 SE2d 798) (1998)

(action properly dismissed when plaintiff failed to "show that the sheriff's office was contacted to ascertain the reason for the delay in effectuating service"); *Deloach v. Hewes*, 211 Ga. App. 321, 322 (439 SE2d 94) (1993) (dismissal of suit reversed where plaintiff's follow-up calls to clerk's and marshal's offices demonstrated due diligence); *Freemon v. Dubroca*, 177 Ga. App. at 746 (dismissal of suit affirmed when plaintiff waited ten months to use a special process server, who was able to serve defendant in nine days). Zeigler cannot excuse her lack of diligence by attempting to place responsibility on others. See *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510) (1982) ("burden is on the plaintiff, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible") (emphasis omitted); *Nee v. Dixon*, 199 Ga. App. 729, 730 (405 SE2d 766) (1991). Because the evidence does not demand a finding of due diligence, we hold that the trial court did not abuse its discretion in granting Hambrick's motion to dismiss. *Magsalin v. Chace*, 255 Ga. App. at 148 (1); *Heard v. Hart*, 241 Ga. App. at 443.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 12, 2002.

*Morse & Ontal, Jack O. Morse*, for appellant.

*Greer, Klosik, Daugherty & Swank, Jeffrey F. Leasendale, Robert J. McCune*, for appellee.