A07A0280. SANDERS v. TRINITY UNIVERSAL INSURANCE COMPANY.
(647 SE2d 388)

RUFFIN, Judge.
Trinity Universal Insurance Company brought an action against Barbara Sanders and John Sweet seeking to recover for property damage resulting from an automobile collision involving Sanders, Sweet, and Trinity's insured, Jeanne Ravan. Sanders moved to dismiss the complaint, asserting that the statute of limitation expired before she was personally served and that the action was barred

by res judicata. The trial court denied her motions, and Sanders appeals. Because we find that the action is barred by res judicata, we reverse.

On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss.[1] Our role is "to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[2] So viewed, the complaint asserts that on January 16, 2002, Ravan's vehicle and horse trailer were damaged in a collision caused by the allegedly negligent driving of Sanders and Sweet. On June 18, 2002, Ravan, acting pro se, sued Sanders in the Magistrate Court of Gwinnett County seeking to recover $4,023.20 for damage to her horse trailer and the cost of renting a horse trailer while hers was disabled. Judgment was entered in favor of Sanders on August 22, 2002.

On January 12, 2006, Trinity filed a complaint in its own name against both Sanders and Sweet seeking to recover for property damage to Ravan's vehicle for which it paid $16,738. On January 16, 2006, the sheriff's department attempted service on Sanders at an address in Lawrenceville, but found the residence empty. On January 26, 2006, service was made by leaving the complaint with a person at what Trinity alleged was Sanders's residence in Decatur. Sanders filed an answer alleging improper service on February 13, 2006, and was then served on March 21, 2006, at a new address provided by her counsel.

1. We first address Trinity's motion to dismiss Sanders's appeal for failure to timely file her brief. It appears that Sanders's brief was timely filed, although it was not docketed until nearly one month later. We therefore deny Trinity's motion to dismiss.

2. Sanders argues that Trinity's complaint must be dismissed because she was not served before the statute of limitation expired. When personal service occurs after the expiration of the statute of limitation, the plaintiff has the burden of showing due diligence so that the service relates back to the filing of the complaint.[3] "The plaintiff must show that he or she acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as

---

[1] See *Penny v. McBride*, 282 Ga. App. 590 (639 SE2d 561) (2006).

[2] Id.

[3] See *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 438 (626 SE2d 628) (2006).

quickly as possible."[4] We review a trial court's decision regarding a plaintiff's diligence in attempting service under an abuse of discretion standard.[5]

The trial court concluded that Trinity acted in a reasonable and diligent manner in serving Sanders. After service was unsuccessfully attempted on January 16, Trinity performed a computer search and obtained a new address for Sanders. Within ten days, service was made at this address, which Sanders contends was inaccurate. Trinity was unaware that service was being challenged until Sanders filed her answer on February 13. Trinity's counsel averred that Sanders's counsel initially refused to provide an address for Sanders, but that once he did so, Sanders was personally served on March 21. Under these circumstances, the trial court did not abuse its discretion in denying Sanders's motion to dismiss for insufficient service.[6]

3. Sanders contends that the present action is barred by res judicata because there was a judgment on the merits in the earlier litigation in magistrate court. According to the doctrine of res judicata, "a judgment on the merits is conclusive as to all matters that were or could have been put into controversy between identical parties or their privies in another cause of action."[7] Res judicata requires three elements: adjudication by a court of competent jurisdiction in the first action; identity of parties and subject matter in both actions; and the party against whom res judicata is raised must have had a full and fair opportunity to litigate in the first action.[8] The party asserting res judicata as a defense bears the burden of proving it.[9]

In order for Trinity's claim to be barred by res judicata, it must have been either a party to the initial action or a privy of a party to that action.[10] Under Georgia law, privies are "all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property."[11] In the present action, Trinity is seeking to recover money it paid to its insured, Ravan, for damage to her vehicle. Trinity is privy to its insured,

---

[4] (Punctuation omitted.) Id.

[5] See id.; *Feinour v. Ricker Co.*, 269 Ga. App. 508 (604 SE2d 588) (2004).

[6] See *Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999).

[7] (Punctuation omitted.) *Suggs v. Hale*, 278 Ga. App. 358 (1) (629 SE2d 11) (2006).

[8] See id. at 358-359.

[9] See *Mayer v. Wylie*, 229 Ga. App. 282, 283 (2) (494 SE2d 60) (1997) (physical precedent only).

[10] See *Walka Mountain Camp &c. v. Hartford Accident & Indem. Co.*, 222 Ga. 249, 252 (149 SE2d 365) (1966).

[11] (Punctuation omitted.) *Dalton Paving & Constr. v. South Green Constr. of Ga.*, 284 Ga. App. 506, 508 (643 SE2d 754) (2007).

Ravan, "[because it] stands in the shoes of its insured . . . [and] can have no greater right of recovery than [its insured]."[12] The subject matter of both the magistrate court action and this action is the same: the automobile collision involving Ravan, Sanders, and Sweet.[13] Although Ravan sought to recover only a portion of her alleged damages in magistrate court, "it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense."[14] Here, there was a full and fair opportunity to litigate, as Ravan could have asserted all her claims in one action.[15] Res judicata "may not be avoided merely by requesting different relief in a subsequent suit."[16] And it is immaterial that Ravan's total damages for all her claims would exceed the jurisdictional amount of magistrate court,[17] as she "chose the forum and [was] bound by the limitations of the court that [she] chose."[18] Accordingly, we reverse the trial court's denial of the motion to dismiss on the basis of res judicata.[19]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 6, 2007.

*Christopher M. Farmer*, for appellant.

*Drew, Eckl & Farnham, Steven D. Brower, Paul W. Burke, Brian T. Moore, Dennis, Corry, Porter & Smith, John D. Dixon*, for appellee.

---

[12] *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 308 (335 SE2d 681) (1985); see *Cross v. Tokio Marine & Fire Ins. Co.*, 254 Ga. App. 739, 743 (1) (563 SE2d 437) (2002) (physical precedent only).

[13] See *Allstate Ins. Co. v. Welch*, 259 Ga. App. 71, 73 (2) (576 SE2d 57) (2003).

[14] (Punctuation omitted; emphasis in original.) *Green v. Bd. of Directors of Park Cliff &c.*, 279 Ga. App. 567, 569 (2) (631 SE2d 769) (2006).

[15] See id. We note that under certain circumstances, an insured may make a partial assignment of its claims to its insurer and retain the right to sue in its own name for its loss in excess of that paid by the insurer. See *Webb v. State Auto. Mut. Ins. Co.*, 187 Ga. App. 425 (370 SE2d 492) (1988); compare *Imperiale v. Pollard*, 187 Ga. App. 427 (370 SE2d 494) (1988). Res judicata would not bar the insured's claim in such an instance, as the insurer would not have had the right to assert the insured's claim in its action.

[16] (Punctuation omitted.) *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 566 (3) (458 SE2d 826) (1995).

[17] The magistrate court's jurisdiction is limited to claims that do not exceed $15,000. OCGA § 15-10-2 (5).

[18] (Punctuation omitted.) *Green*, supra at 570; *ChoicePoint Svcs. v. Hiers*, 284 Ga. App. 640, 642 (2) (644 SE2d 456) (2007).

[19] See *ChoicePoint*, supra.