A07A0071. FUSCO v. TOMLIN.
(648 SE2d 137)

MILLER, Judge.

Michael Fusco sued Craig Tomlin for damages allegedly arising out of an automobile collision. Tomlin subsequently moved to dismiss the suit, asserting that Fusco failed to timely perfect service. The trial court granted Tomlin's motion, and Fusco appeals. For reasons that follow, we affirm.

The record shows that Fusco and Tomlin were involved in a two-car collision on February 4, 2000. Alleging that Tomlin negligently caused the collision, Fusco filed a complaint that was dismissed without prejudice on July 12, 2004. Although the record does not contain a copy of the original complaint, it appears that Fusco initially brought suit within the applicable statute of limitation. On January 10, 2005, almost five years after the accident, Fusco filed a renewed complaint pursuant to OCGA § 9-2-61 (a), which provides that a plaintiff may, subject to certain limitations, recommence a lawsuit within six months of a dismissal even if the statute of limitation period has expired since the filing of the original lawsuit.

Fusco's counsel provided the Henry County Sheriff's Office with a summons for Tomlin and asked the sheriff to serve Tomlin at an address on Oakland Boulevard in Stockbridge. On January 17, 2005, the sheriff completed the entry of service on the summons, stating that Tomlin had not been served. The service entry noted that a diligent search had been made and that Tomlin had moved from the listed address.

According to an affidavit filed by Fusco's counsel, counsel received notice on January 21, 2005 that the sheriff had not located Tomlin. Counsel further testified: "I made search of [Tomlin's] address and determined that he was at a subsequent address." Counsel delivered a summons to the sheriff's office with the new address on February 8, 2005, but learned four days later that Tomlin did not live at that address.

On February 18, 2005, counsel hired an investigator to search for Tomlin. Although the investigator failed to find Tomlin, Fusco's uninsured motorist insurance carrier engaged a special process server, who served Tomlin with the complaint on March 2, 2005 at an address on Lillian Circle in Stockbridge.

Tomlin answered and moved to dismiss the complaint, asserting that Fusco had not exercised due diligence in perfecting service. The trial court granted the motion following oral argument. We find no error.

Fusco timely filed his renewed complaint within the six-month renewal period, which expired on or about January 12, 2005. See OCGA § 9-2-61 (a). Like any other complaint, however, a renewed complaint must meet the procedural requirements for perfecting service. See *Magsalin v. Chace*, 255 Ga. App. 146, 147 (1) (564 SE2d 554) (2002). When a claimant fails to serve a renewed complaint within the six-month renewal period, the claimant must show that he "acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible." (Punctuation and footnote omitted.) Id. As we have noted:

> [I]n such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service . . . is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Punctuation omitted.) *Heard v. Hart*, 241 Ga. App. 441, 443 (526 SE2d 908) (1999).

"[D]iligence in perfecting service should be measured from the time of filing the renewal action." *Magsalin*, supra, 255 Ga. App. at 148 (1). Here, Tomlin was not served until 51 days after Fusco filed the renewed complaint. Although Fusco's counsel testified that he searched for a new address after learning that the sheriff had not served Tomlin, he provided no details regarding this search, which did not produce a correct address. Counsel also waited until February

18, 2005, almost one month after discovering that the sheriff could not locate Tomlin, before hiring an investigator, and the record does not detail any steps taken during that investigation, which was unsuccessful. Ultimately, Fusco's uninsured motorist carrier, not Fusco, served Tomlin.

On appeal, Fusco notes that Tomlin admitted in several pleadings that he resided at the Oakland Boulevard address originally given to the sheriff's office. Fusco thus argues that this case is controlled by *Bill Parker & Assoc. v. Rahr*, 216 Ga. App. 838, 840 (1) (456 SE2d 221) (1995). In *Rahr*, we affirmed the trial court's refusal to dismiss a complaint for failure to timely perfect service. See id. The evidence showed that the sheriff's office incorrectly informed the *Rahr* plaintiff that the defendant could not be located at the address listed on the summons. Upon receiving the sheriff's entry of service, the plaintiff determined that the address was, in fact, correct, and the defendant was served at that address.

Fusco's reliance on *Rahr* is misplaced. The *Rahr* trial court refused to dismiss the complaint, evidently finding that the plaintiff acted reasonably. Just the opposite occurred here. After considering all of the circumstances, the trial court concluded that Fusco failed to act with reasonable diligence. Nothing in *Rahr* demands that we find an abuse of discretion in this case. Moreover, unlike in *Rahr*, Fusco's investigation did not reveal that the Oakland Boulevard address was correct, and he did not serve Tomlin there. Rather, Fusco's insurer subsequently found and served Tomlin at the Lillian Circle address. Although Fusco implicitly blames the sheriff for not finding Tomlin on Oakland Boulevard, he cannot excuse his own lack of diligence by blaming others. See *Zeigler v. Hambrick*, 257 Ga. App. 356, 358 (2) (571 SE2d 418) (2002).

Fusco also argues that the trial court erred in failing to include factual findings in its dismissal order. As stated in *Neely v. Jones*, 271 Ga. App. 487, 489 (2) (610 SE2d 133) (2005), however, "[t]here is no requirement for such findings on the record[,] and this [C]ourt will not presume the trial court committed error where that fact does not affirmatively appear." (Citation and punctuation omitted.)

Moreover, despite Fusco's claims, the record does not show that the trial court evaluated this case under the wrong standard. Fusco contends that a "reasonable diligence" standard — rather than the higher "greatest possible diligence" standard — controls here. Although Tomlin urged in his brief below that a "greatest possible diligence" standard applied once he answered Fusco's complaint and raised a service of process defense, the record shows that service occurred *before* Tomlin answered. Thus, Tomlin's brief did not request application of the higher standard, and it otherwise referenced the

"reasonable and diligent" standard. Under these circumstances, we will not presume that the trial court applied the higher standard.[1]

Here, the record does not demand a finding that Fusco acted with reasonable diligence in serving Tomlin or that Tomlin tried to evade service. Tomlin was not served with process until 51 days after Fusco filed his renewed complaint. Although Fusco received notice on January 21, 2005 that problems with service existed, he presented few details regarding his efforts to complete service thereafter. See *Zeigler*, supra, 257 Ga. App. at 357 (2) (plaintiff "must provide specific dates or details to show diligence" in effecting service). Accordingly, the trial court did not abuse its discretion in granting Tomlin's motion to dismiss. See *Zeigler*, supra, 257 Ga. App. at 357-358 (2); see also *Magsalin*, supra, 255 Ga. App. at 148 (1) (no abuse of discretion in dismissing complaint for failure to timely perfect service where evidence does not demand a finding of due diligence).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 14, 2007.

*Goldberg & Cuvillier, Ralph S. Goldberg*, for appellant.
*White, Schuerman, Rhodes & Bunson, Scott A. Rhodes*, for appellee.

---

[1] Our case law evidences uncertainty as to whether the greatest possible diligence standard applies not only when a defendant raises service as a defense, but also once a claimant receives notice of a problem with service. See *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006). We need not address this uncertainty here.