## A08A0043. DICKSON v. AMICK.
## A08A0044. SNIDER v. AMICK.
### (662 SE2d 333)

MIKELL, Judge.

In these companion cases, the trial court granted summary judgment to Daniel Amick on Janice Dickson's and Christopher J. Snider's personal injury claims due to their failure to serve Amick. Dickson and Snider appeal, and we affirm.

Appellants were involved in a car accident with Amick on September 17, 1999. Dickson was driving the car and her son, Snider, was a passenger. Dickson and Snider filed separate actions against Amick in July 2001, but dismissed those actions without prejudice on March 25, 2006.[1] The cases were filed as renewal actions on September 11, 2006, and were consolidated by order of the court on

---

[1] The original complaints and dismissals are not in the record, but both appellants and appellee agree that these are the pertinent dates.

November 6, 2006. Amick filed responsive pleadings, asserting a lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, statute of limitations and laches. Amick moved for summary judgment on the grounds that the statute of limitation had expired and that appellants had not served Amick within the period allowed or exercised the diligence required to serve him.

In support of his motion, Amick submitted several affidavits. In his own affidavit, Amick averred that he was a high school student living with his parents when the accident occurred; that his family moved to 723 Jones Creek Drive, Evans, Georgia, in April 2002; that he attended college from spring 2001 to 2005; that he moved to Maryland to take a job in September 2005; that he had not resided at his parents' home since September 2005; and that he had not received service of a complaint or authorized anyone to accept service on his behalf. Attached to Amick's affidavit were his apartment lease and Maryland driver's license. Amick also submitted an affidavit from his attorney, in which counsel averred that prior to the dismissal of the original action in March 2006, he had a pre-trial conference call with appellants' counsel and informed him that Amick had moved from the area and no longer resided in Georgia; that counsel had not inquired about Amick's current address or the affirmative defenses raised in the responsive pleadings filed; and that he had not been authorized to accept service on Amick's behalf. Amick submitted an affidavit from his father, David Amick, who averred that on September 22, 2006, a man identifying himself as a process server came to his home looking for his son; that he told the man that his son no longer lived there; that the individual informed him that the post office listed his address as the appellee's residence; that the individual threw some papers into the open door of his home and stated ''consider yourself served''; and that he kicked the papers out of the door but upon later examination, determined that they were poor-quality faxed copies of two complaints to which no summonses were attached.

In opposition to Amick's motion, appellants submitted an affidavit from their attorney in which he averred that his internet search revealed Amick's address as 723 Jones Creek Drive; that after receiving the non est return from the Columbia County Sheriff's office, he retained a private investigator, who was unable to locate any other address for Amick; that his co-counsel hired the process server; that he sent the documents to the sheriff's department in Maryland on February 23, 2007, but had not yet received notification regarding service. The private investigator retained by appellants' counsel averred that he learned from the local post office that appellee received his mail at his parents' address; that he spoke with appellee's mother, who refused to give him an address for appellee;

that he went to the Amicks' home on September 22, 2006, and left the papers with the appellee's father.

Amick filed a reply brief, attaching an affidavit of another private investigator, Michael Bryce, who averred that he was given Amick's name, date of birth, and social security number to determine if he could locate Amick's correct address through searching his normal channels; that he conducted a search using a web-based service commonly used by private investigators; and that within 20 minutes of initiating the search, he located Amick's Maryland address and determined that he had resided at that address since September 2005. Bryce attached the report generated from his search to his affidavit.

The trial court held a hearing on Amick's motion on April 19, 2007, and granted the motion approximately one month later, finding that appellants had failed to serve Amick in a timely manner and had not exercised the diligence required. As of the date of the trial court's order, appellants had not served Amick.

1. Appellants contend that the trial court erred in finding that they were not reasonably diligent in serving the appellee. We disagree.

Appellants filed their renewed complaints within the six-month renewal period, which expired on or about September 25, 2006. However,

> [a] renewal suit filed pursuant to OCGA § 9-2-61 is an action de novo. All procedural requirements, including those governing service of process, must be met. As with any complaint, when a renewal action "is filed within the applicable limitation period but service is perfected more than five days after that period expires, the service relates back to the original filing only if the plaintiff acted reasonably and diligently to ensure that proper service was made as quickly as possible." And once a plaintiff learns about a problem perfecting service, "his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." The plaintiff bears the burden of showing the necessary diligence and must provide specific dates and details regarding his efforts to perfect service. Such diligence cannot be established through "conclusory statements."[2]

---

[2] (Footnotes omitted.) *Carter v. McKnight*, 260 Ga. App. 105, 106 (2) (578 SE2d 901) (2003).

"The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[3] We find no abuse here.

"Diligence in perfecting service in a renewal action must be measured from the time of filing the renewed suit."[4] Appellants filed their renewal action on September 11, 2006. The sheriff's entry of service, dated September 18, 2006, indicated that Amick had moved and that there was no forwarding address. Appellants' process server averred that when he left papers at the Jones Creek address on September 22, he was told that Amick no longer resided there. Amick filed his answer, including service defenses, on October 10, 2006. At that point, appellants were required to exercise the greatest possible diligence to effectuate service because the statute of limitation had long since expired, and they had notice that Amick contested service.[5] It was appellants' "responsibility to investigate and learn where the defendant [could] be located and served."[6]

Amick filed his motion for summary judgment on February 5, 2007. In opposition thereto, appellants filed affidavits stating that they had conducted internet searches as well as post office searches and that both yielded the wrong address for Amick. Yet, appellants failed to offer evidence as to when in the process these searches were done. Plaintiffs "must provide specific dates or details to show diligence and cannot rely on conclusory statements."[7] Here, it appears that no investigation was done between September 22, 2006, and the date that the motion for summary judgment was filed. It was only after Amick filed his motion for summary judgment that appellants attempted to serve Amick through a sheriff's office in Maryland, and as of the date of the trial court's order granting summary judgment, there was no evidence in the record that Amick had been served.

Appellants compare their case to *Sanders v. Trinity Universal Ins. Co.*,[8] wherein this court concluded that the trial court had not

---

[3] (Punctuation omitted.) *Fusco v. Tomlin*, 285 Ga. App. 819, 820 (648 SE2d 137) (2007), citing *Heard v. Hart*, 241 Ga. App. 441, 443 (526 SE2d 908) (1999).

[4] (Punctuation and footnote omitted.) *Magsalin v. Chace*, 255 Ga. App. 146, 147 (1) (564 SE2d 554) (2002).

[5] See *Davis v. Bushnell*, 245 Ga. App. 221, 222 (537 SE2d 477) (2000).

[6] (Citation and punctuation omitted.) *Andrews v. Stark*, 264 Ga. App. 792, 794 (2) (592 SE2d 438) (2003).

[7] (Punctuation omitted.) *McGhee v. Jones*, 287 Ga. App. 345, 346 (1) (652 SE2d 163) (2007), quoting *Wells v. Drain Doctor*, 274 Ga. App. 127, 128 (616 SE2d 880) (2005). Accord *Parker v. Silviano*, 284 Ga. App. 278, 280 (1) (643 SE2d 819) (2007).

[8] 285 Ga. App. 705 (647 SE2d 388) (2007).

abused its discretion when it denied a motion to dismiss for insufficient service.[9] In that case, however, after the first unsuccessful attempt at service, the plaintiff performed a computer search and obtained a new address for Sanders and made service at this address within ten days.[10] Upon learning that service was being challenged, plaintiff's counsel obtained a new address from defendant's counsel and personally served the defendant shortly thereafter.[11] In this case, service was never perfected and there was a long delay between the time that plaintiffs learned that service was being challenged and their actual attempt to serve Amick at the correct address. Under these circumstances, therefore, the trial court did not abuse its discretion when it determined that appellants had failed to exercise the required diligence to serve Amick.[12]

2. Appellants argue that the trial court could not consider the statute of limitation issue without first addressing the issue of personal jurisdiction. In its order granting summary judgment to Amick, the trial court wrote:

> Defendant having moved the court for summary judgment pursuant to OCGA § 9-11-56 on the grounds that the applicable statute of limitation has expired as the case does not quality [sic] under OCGA § 9-2-61 as a valid renewal of a previously dismissed action, and it appearing to the court that Plaintiffs failed to properly serve Defendant within the period allowed by law and failed to exercise the diligence required to serve Defendant as required by law, the Court finds that there is no genuine issue as to one or more material facts and that defendant is entitled to judgment as a matter of law. Ordered that the defendant's motion for summary judgment is granted.

Although the trial court did not expressly indicate that it was granting summary judgment because the statute of limitation had expired, it did explicitly rule that appellants' action was barred

---

[9] Id. at 707 (2).

[10] Id.

[11] Id.

[12] See *Andrews*, supra at 792-793, 794 (2) (counsel's averment that he did an internet search, searched phone books, and served the secretary of state, along with evidence of repeated requests of the sheriff's office to serve the defendant, all of which were done after defendant filed a motion to dismiss, did not satisfy burden of due diligence); *Carter*, supra (vague references to what actions were taken to serve defendant did not establish that plaintiff acted with the greatest possible diligence).

because they failed to exercise the required diligence to serve Amick. As discussed in Division 1, the record amply supports the trial court's finding, and "[a] grant of summary judgment must be affirmed if [it is] right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, [rather than] the analysis employed."[13] Accordingly, this claim of error fails.

3. Appellants contend that the trial court erred in granting summary judgment as to the statute of limitation defense because the statute was tolled by Amick's removal from the state. As we stated in Division 2, it is not clear that the court ruled on the statute of limitation defense. Nonetheless, we point out that the tolling statute, OCGA § 9-3-94, does not apply unless removal makes it impossible to perfect service.[14] Clearly, here, Amick's move to Maryland did not make it impossible to perfect service, as appellants did eventually discover Amick's correct address and attempted service, albeit in an untimely manner. Additionally, as the Long Arm Statute, OCGA §§ 9-10-91, 9-10-94, could be utilized to serve Amick, OCGA § 9-3-94 simply does not apply.[15]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 19, 2008.

*Sean A. Black*, for appellants.
*Fulcher & Hagler, Stephen H. Brown, Paul H. Dye IV*, for appellee.

---

[13] (Citation and punctuation omitted.) *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007).

[14] *Gould v. Latorre*, 227 Ga. App. 32, 33 (2) (488 SE2d 116) (1997); *Towns v. Brown*, 177 Ga. App. 504 (339 SE2d 926) (1986).

[15] *Andrews*, supra at 794 (1) (Long Arm Statute can be utilized to serve a defendant who was a resident of Georgia when the automobile collision occurred but became a resident of another state by the time it was necessary to effect service).