**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 28, 2017**

# In the Court of Appeals of Georgia

A17A0202. CHOICE v. FLORIDA MEN'S MEDICAL CLINIC d/b/a GEORGIA MEN'S MEDICAL CLINIC.

BRANCH, Judge.

On June 8, 2015, plaintiff Willie Choice voluntarily dismissed his first complaint against defendant Florida Men's Medical Clinic, d/b/a Georgia Men's Medical Clinic ("the Clinic"). Choice's first complaint alleged assault and battery, negligent hiring, and other torts arising from his visit to the Clinic on August 6, 2012. On December 8, 2015, Choice filed a renewal action, but Choice did not serve the renewal summons and complaint on the Clinic until January 4, 2016. The Clinic moved to dismiss the renewal action on grounds including that Choice was insufficiently diligent in effecting service, and the trial court granted the motion. On appeal, Choice's arguments include that the evidence does not support the trial

court's judgment. We vacate and remand for further proceedings because the trial court erroneously held Choice accountable for the delay in effecting service from the date of the first attempted filing of the complaint rather than from the date the clerk provided file-stamped copies of the complaint and summons for service.

A trial court's finding that a plaintiff was not sufficiently diligent in effecting service is a discretionary determination that will not be disturbed if there is some evidence to support the court's finding. *Williams v. Bragg*, 260 Ga. App. 377, 379 (579 SE2d 800) (2003). Although we thus view the record in favor of the judgment, the undisputed and relevant facts are that on August 6, 2012, Choice, who had been treated by the Clinic for more than a year, was allegedly touched inappropriately by a Clinic employee, Christopher Vickery, during a scheduled appointment. On April 25, 2014, Choice filed his original complaint against the Clinic and Vickery for imputed liability, assault and battery, negligent hiring and retention, invasion of privacy, and punitive damages. On June 8, 2015, Choice voluntarily dismissed his complaint.

On December 8, 2015, or exactly six months after the voluntary dismissal of his first complaint,[1] Choice attempted to file his renewal action electronically, adding counts including professional negligence, violation of the Fair Business Practices Act, and fraud, and naming three additional defendants (two doctors at and one employee of the Clinic). On December 9, Choice learned that the Fulton County State Court had rejected his filing due to an incorrect filing code. On December 16, the complaint was accepted and stamped filed as of December 8. On December 23, Choice submitted the file-stamped complaint and summons to a process server. On that day, an assistant at Choice's counsel's office emailed to the process server a copy of the complaint and a list of four defendants, including the Clinic. On December 29, when the process server attempted to serve the Clinic at its Atlanta office, he was told by another occupant of the building that the Clinic's office had been vacant for "a couple of weeks." The process server then consulted the Georgia Secretary of State's website

---

[1] See OCGA § 9-2-61 (a) ("When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.").

and found that Lawrence Haber was listed as the registered agent for the Clinic. A different process server served Haber on the afternoon of January 4, 2016.[2] On February 3, 2016, the Clinic acknowledged service in writing, and this acknowledgment was filed the same day.

Later in February 2016, the Clinic moved to dismiss Choice's complaint on two grounds: for failing to attach a professional affidavit to his original complaint in support of the claim for professional negligence included in the renewal action, and for failing to exercise reasonable diligence in serving the renewal action on the Clinic within the six-month period authorized by OCGA § 9-2-61 (a). In July 2016, the trial court held that because the two-year statute of limitation governing personal injury actions had expired before renewal, Choice "was unable to allege additional claims in this refiled action" that were not "substantially the same as the original." The court also found itself "unable to say that the record establishes diligence in accomplishing service" of the renewal action. Specifically, the court noted that Choice had failed to file successfully by December 8 and that "the computer problem associated with filing [his] renewal action" caused the complaint not to be stamped filed until

---

[2] Although the Clinic disputes on appeal whether Haber was its registered agent, the trial court explicitly found that the Clinic was served on January 4 "after an unsuccessful attempt on December 29."

"December 16, 2015, already eight days after expiration of the renewal period." The court also found that Choice had failed to contact a process server until December 23, had not attempted service by means of that server until December 29, and had not succeeded in effecting service on the Clinic until January 4, or "27 days after expiration of the renewal period." The court concluded that because "the record contains significant periods of time during the month of December during which [Choice's] diligence is essentially unexplained," Choice had "failed to act with reasonable diligence in effecting service as quickly as possible after [the] expiration of the renewal period." The court dismissed the complaint for this reason.

On appeal, Choice argues that the trial court erred in dismissing his complaint because Choice acted diligently in serving the complaint.

In the course of concluding that Choice had been insufficiently diligent in serving the summons and complaint, the trial court noted that the computer problem on filing caused an 8-day delay until outside of the renewal period, apparently following the rule that a plaintiff's "diligence in perfecting service should be measured from the time of filing [a] renewal action." See *Fusco v. Tomlin*, 285 Ga. App. 819, 820 (648 SE2d 137) (2007), citing *Magsalin v. Chace*, 255 Ga. App. 146 (564 SE2d 554) (2002). OCGA § 9-11-4 (c) provides as follows, however:

5

Where the service of process is made outside of the United States, after an order of publication, it may be served either by any citizen of the United States or by any resident of the country, territory, colony, or province who is specially appointed by the court for that purpose. When service is to be made within [Georgia], *the person making such service shall make the service within five days* from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.

(Emphasis supplied.)

In *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314 (765 SE2d 413) (2014), we noted the Georgia Supreme Court's holding in *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore*, 265 Ga. 836 (462 SE2d 713) (1995) that OCGA § 9-11-4 (c)'s "person making such service" identifies the process server rather than the plaintiff. 330 Ga. App. at 317 (1), citing *Kilgore*, 265 Ga. at 837. We also pointed out the error of statements like that made in *Fusco* to the extent that they fail to take account of the portion of OCGA § 9-11-4 (c) granting the "person making such service" a grace period of "five days *from the time of receiving the summons and complaint*." (Emphasis supplied.) As we noted, "[N]umerous [decisions] have incorrectly stated that the plaintiff must serve the defendant within five days of the filing of the complaint rather than [within five days of] receipt of the summons and complaint by

6

the person making service." *Giles*, 330 Ga. App. at 319. We thus stated the proper rule as follows: "If the filing of the [complaint] is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the [complaint] and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Giles*, 330 Ga. App. at 317 (citation and punctuation omitted); see also *Kilgore*, 265 Ga. at 837. We also overruled numerous cases[3] that had misstated the rule, adding that "any other precedent not identified in this opinion" that misstated the rule "should also be considered overruled to the extent the rule is misstated." Id. at n. 5.

This complaint was eventually stamped as filed on December 8, 2015, the last day of the six-month renewal period allowed under OCGA § 9-11-61 (a), and service was not effected until January 4, 2016. This case may thus fall into the category identified in *Giles*: where "'a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of

---

[3] The misstated rule in both *Fusco* and *Magsalin* comes from *Heard v. Hart*, 241 Ga. App. 441 (526 SE2d 908) (1999), which we explicitly overruled in *Giles*. See 330 Ga. App. at 319 n. 2. Both *Fusco* and *Magsalin* are thus among the cases already overruled.

7

filing is dependent upon the diligence exercised by the plaintiff in perfecting service.'" 330 Ga. App. at 318 (2), quoting *Moody v. Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006); see also *Milton v. Goins*, 309 Ga. App. 865, 866 (1) (711 SE2d 415) (2011) (plaintiff bears burden of proving lack of fault when service is not timely perfected as required by law). In other words, and although "the pertinent process statutes place sole responsibility on the clerk to issue the necessary copies of the complaint and summons to the sheriff or marshal to accomplish service," *Giles*, 330 Ga. App. at 316 (1) the responsibility for exercising due diligence in effecting service remained Choice's. Id. at 318 (2).

Under this law and these facts, the trial court was required to consider each part of the delay between December 8, 2015 and January 4, 2016, including the eight days from December 8 to December 16, in its determination of whether Choice exercised proper diligence in perfecting service. Given that the clerk could not have transmitted the summons and complaint for service until after that document had been file-stamped, the trial court thus erred in counting the eight days after the expiration of the renewal period against Choice. We therefore vacate the trial court's order granting the Clinic's motion to dismiss and remand for further proceedings, including an opportunity for both parties to submit and the court to consider evidence as to the date

8

on which the clerk transmitted the file-stamped summons and complaint for service, as well as any other evidence tending to explain the delay in service here. After making a finding on the factual question of the date on which the clerk transmitted the summons and complaint for service, the trial court should make its discretionary determination as to whether Choice was sufficiently diligent in effecting service after the expiration of the statute of limitation, taking into account the evidence as to each period between December 16, 2015, when the complaint was accepted and back-dated to December 8, and January 4, 2016, when the complaint was finally served.

*Judgment vacated and case remanded with direction. McFadden, P. J., and Bethel, J., concur*.